Cliff Cantor, WSBA # 17893
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
(425) 868-7813

*Liaison Counsel for Plaintiffs*

[additional counsel on signature page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

| | |
|---|---|
| TODD STANAFORD a/k/a JERALD TODD STANAFORD and PHILIP HOBLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT DONALD BRUCE GENOVESE, BG CAPITAL GROUP LTD, LOOK BACK INVESTMENTS, INC. and OUTLOOK INVESTMENTS, INC.,<br><br>Defendants. | Case No.   2:15-MC-013-JTR<br><br>**MOTION TO SHOW CAUSE**<br><br>**(DIRECTED TO NON-PARTY DAVID MORGAN)**<br><br>**Nov. 19, 2015**<br>**Without Oral Argument** |

Plaintiffs Todd Stanaford a/k/a Jerald Todd Stanaford and Philip Hobley, on behalf of themselves and all others similarly situated,  pursuant to Fed. R. Civ. P. 45(g), move the Court for an order requiring David Morgan ("Morgan") to, among

MOT. TO SHOW CAUSE
Case No. 15-cv-291

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

other things, show cause why he should not be held in contempt for failing to pro-

duce certain documents pursuant to that certain subpoena *duces tecum* personally

served upon him on August 27, 2015 and ordering Mr. Morgan to produce the re-

quested documents.  In support of this Motion Plaintiffs submit the Affidavit of A.

Brooke Murphy (the "Murphy Affidavit"), attached hereto as Exhibit "1."  In fur-

ther support of this Motion, Plaintiffs state as follows:

1.      On August 27, 2015, the subject subpoena (Murphy Affidavit at Ex-

hibit "D"), was served upon Morgan.  *Id.* at ¶¶2, 4 and Exhibits "A" and "D".

2.      The subpoena (the "Morgan Subpoena") called for Morgan to produce

certain documentary material related to the above-captioned action now pending in

the United States District Court for the Southern District of Florida (Case No.

9:13-cv-80923) (this "Action"). Murphy Affidavit at Exhibit "D".  Proof of service

of the Morgan Subpoena by private process server is attached as Exhibit "D" to the

Murphy Affidavit.

3.      This action was brought by Plaintiffs to redress claims for violations

of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"),

and United States Securities and Exchange Commission ("SEC") Rule 10b-5, 17

C.F.R. § 240.10b-5, against defendants Robert Genovese ("Genovese"), BG

Capital Group Ltd. ("BG Capital"), Look Back Investments, Inc. ("Look Back"),

and Outlook Investments, Inc. ("Outlook") (collectively the "BG Defendants"),

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

and Liberty Silver Corporation ("Liberty Silver") and certain of its officers and directors.  Liberty Silver is engaged in the exploration and development of mineral properties in North America. Plaintiffs' Third Amended Consolidated Class Action Complaint (the "Complaint") (Dkt. No. 88) at ¶41.  Plaintiffs allege that the BG Defendants violated Section 10(b) and SEC Rule 10b-5 by conducting a "pump-and-dump" scheme in which the Liberty Silver Defendants participated. Complaint at ¶¶41-116.  Specifically, Plaintiffs allege the BG Defendants "pumped" Liberty Silver stock by publicly disseminating materially false and misleading reports through news releases and the efforts of hired third party newsletter writers (*see id.* at ¶¶71, 72, 97-98, 103-05, 109, 123), and by engaging a corrupt broker dealer to aggressively push the Company's stock. *Id.* at ¶¶41-116.  The court denied the BG Defendants' motion to dismiss on February 11, 2015.  Dkt. No. 129.  The court noted at the hearing on the BG Defendants' motion to dismiss, "I have seen criminal cases, criminal securities cases -- pump and dump -- that seemed to have weaker evidence than is alleged here."  Transcript of February 6, 2015 Hearing at 34 (Dkt. No. 136).

4.    Morgan's evidence is critical to the Action because Morgan is believed to have materially assisted Genovese in the pump and dump scheme by authoring an investor newsletter (paid for by Genovese) that touted the value of Liberty Silver's silver resources and its share value for the purpose of artificially

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1
2
3
4

inflating the value of Liberty Silver shares so that the BG Defendants could take advantage of the "pumped up" market by dumping their shares. *See, e.g.,* Complaint, at ¶¶71-72, 74, 83, 103-04, 109, 114, 123. *See also generally,* Murphy Affidavit.

5
6
7
8
9
10
11

5.      No objection to the Morgan Subpoena was served by Morgan upon Plaintiffs before the earlier of the time specified for compliance in the Morgan Subpoena or 14 days after the subpoena was served, *see* Fed.R.Civ.P. 45(d)(2)(B), or ever. *See* Murphy Affidavit at ¶7.  Plaintiffs know of no grounds upon which Morgan would be entitled to quash the Morgan Subpoena under Fed.R.Civ.P. 45(d)(3). *See Murphy Affidavit at ¶7.*

12
13
14
15
16
17
18
19
20

6.      Rule 45 empowers parties to obtain documents from third-persons in civil actions. Fed. R. Civ. P. 45.  The scope of subpoenas is broad and nearly mirrors that of party discovery under Rule 26.  Clearly, the documents sought in the Morgan Subpoena are directly relevant to the claims asserted in this Action since the documents sought are direct evidence of the subject alleged securities fraud.  Moreover, the requested information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence.

21
22
23
24

7.      Persons can apply for relief from validly-issued subpoenas in four limited circumstances. Fed. R. Civ. P. 45(d)(3).  But silence is not a recognized objection.  Instead, persons must object to a subpoena no later than 14 days from

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

service and may ignore it only after making a "timely motion" for a court order. Fed.R.Civ.P. 45(d)(2). Courts routinely find that a person who fails to object and make a timely motion to quash a subpoena has waived objections to it. *In re DG Acquisition Corp*., 151 F.3d 75, 81 (2d Cir. 1998); *Moon v. SCP Pool Corp*., 232 F.R.D. 633, 636 (S.D. Cal. 2005); *United States ex rel. Schwartz v. TRW, Inc*., 211 F.R.D. 388, 392 (C.D. Cal. 2002).

8.      By rule, Morgan's objections must have been served on Plaintiffs by September 8, 2015, *See Murphy Affidavit at ¶6 and Exhibit D, Fed.R.Civ.P.45(d)(2)*, and are now waived. To the extent Morgan might try to circumvent this default and frame his response to this Motion as a request to quash the subpoena, that request is also untimely and waived. Although Rule 45 does not quantify "timely," case law and common sense dictate that objections filed over five weeks after the response deadline has passed cannot qualify as such. *See In re DG Acquisition Corp*., 151 F.3d at 81 (holding motions untimely when filed more than 14 days from date of service); *see also Uzzell v. Teletech Holdings, Inc*., 2007 WL 4358315, *1-2 (W.D. Wash. Dec. 7, 2007) (finding party waived all objections to subpoena when he ignored it for two months).

9.      Rule 45 also vests the Court with the power to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). The sanction is warranted when the party

MOT. TO SHOW CAUSE
Case No. 15-cv-291

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

requesting it has proven contempt by clear and convincing evidence. *Peterson v. Highland Music Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998). Once the moving party has shown by clear and convincing evidence that the contemnors violated the subpoena, the burden shifts to the contemnors to demonstrate why they were unable to comply. *In re Bennet*, 298 F.3d 1058, 1069 (9th Cir. 2002).

10.    Morgan has no known reason within the meaning of Rule 45 to excuse his failure to comply with, or object to, the Morgan Subpoena. *See* Murphy Affidavit at ¶7. Under these circumstances, Plaintiffs are entitled to an order compelling Morgan to appear and answer why he has not complied with the Morgan Subpoena and, if such answer is not within those grounds set forth in Rule 45(d), Plaintiffs are, in such instance, entitled to an order holding Morgan in contempt for not complying with the Morgan Subpoena. In addition, Plaintiffs request that they be awarded their reasonable attorney's fees and costs for bringing this Motion.

DATED: October 16, 2015            Respectfully submitted,

LAW OFFICES OF
  CLIFFORD A. CANTOR, P.C.
*s/ Cliff Cantor*
Cliff Cantor, WSBA # 17893
627 208th Ave. SE
Sammamish, WA 98074
Tel:    (425) 868-7813
Fax:    (425) 732-3752
Email:  cliff.cantor@outlook.com

MOT. TO SHOW CAUSE
Case No. 15-cv-291

- 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Local Counsel for Plaintiffs*

FEDERMAN & SHERWOOD
William B. Federman
A. Brooke Murphy
10205 North Pennsylvania Ave.
Oklahoma City, OK 73120
Tel:    (405) 235-1560
FaX:   (405) 239-2112
Email: wbf@federmanlaw.com
           abm@federmanlaw.com

*Lead Counsel for Plaintiffs*

Certificate of Service

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 16, 2015.

s/ Cliff Cantor, WSBA # 17893

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

# Ex. 1

# Brook Murphy Affidavit

## AFFIDAVIT OF A. BROOKE MURPHY

I, A. Brooke Murphy, being first duly sworn, states as follows:

1.      I am an attorney at the law firm of Federman & Sherwood and an attorney of record for the plaintiffs in an action pending in the United States District Court for the Southern District of Florida, West Palm Beach Division, *Todd Stanaford a/k/a Jerald Todd Stanaford, et al. v. Robert Donald Bruce Genovese, et al.*, Case No. 9:13-cv-80923-KLR.

2.      On August 25, 2015, I caused notice of a subpoena to David Morgan to be issued in the above-referenced case. (*See* Exhibit "A" hereto).

3.      Federman & Sherwood researched Mr. Morgan and, according to PeopleMap, Mr. Morgan resides at 21307 Buckeye Lake Lane, Colbert, Washington. (*See* Exhibit "B" hereto). His photo graph is also displayed on his website: http://www.silver-investor.com/. (*See* Exhibit "C" hereto).

4.      On August 27, 2015, a process server left the subpoena with an individual who matched the photo of Mr. Morgan on his website at the home address that PeopleMap listed for Mr. Morgan at a time when Mr. Morgan's housekeeper indicated he would be home. (*See* Exhibit "D" hereto).

5.      Mr. Morgan was served with the subpoena on August 27, 2015. (*Id.*)

6.      Mr. Morgan was required to produce the requested documents by September 8, 2015 at a location specified in Spokane, Washington, which is less than 100 miles from his home. (*Id.*)

7.      Mr. Morgan has not produced the requested documents or otherwise responded to the subpoena. Mr. Morgan has not even offered an excuse for his failure to respond to the subpoena.

FURTHER AFFIANT SAYETH NOT.

_____
A. Brooke Murphy

STATE OF OKLAHOMA    )
                     )    SS:
COUNTY OF OKLAHOMA )

Acknowledged to me this _14_ day of _October_ , 2015.

_____
Notary Public

My commission expires: _April 23, 2016_                [SEAL]
My commission number: _12003901_

1
9

Ex. A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 9:13-cv-80923-KLR

TODD STANAFORD a/k/a JERALD TODD
STANAFORD, on behalf of himself and all
others similarly situated,

                 Plaintiff,

    vs.

ROBERT DONALD BRUCE GENOVESE,
WILLIAM TAFURI, GEOFFREY BROWNE,
BG CAPITAL GROUP LTD, LOOK BACK
INVESTMENTS, INC., LIBERTY SILVER
CORPORATION, AND OUTLOOK
INVESTMENTS, INC.,

              Defendants.

## <u>NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS</u>

To: All Counsel

Please take notice that Plaintiffs are serving the attached subpoena *duces tecum* on non-party David Morgan.

Dated: August 25, 2015                Respectfully Submitted,

                                   /s/ A. Brooke Murphy
                                   A. Brooke Murphy
                                   **FEDERMAN & SHERWOOD**
                                   10205 North Pennsylvania Ave.
                                   Oklahoma City, OK 73120
                                   Telephone: (405) 235-1560
                                   Facsimile: (405) 239-2112
                                   Email: abm@federmanlaw.com

                                   *Lead Counsel for Plaintiffs*

Gary S. Menzer
Florida Bar No. 60386
**MENZER & HILL, P.A.**
7280 W. Palmetto Park Rd., Suite 301-N
Boca Raton, FL 33431
Telephone: (561) 327-7207
Facsimile: (561) 431-4611
Email:  gmenzer@menzerhill.com

*Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

was mailed on August 25, 2015, by Electronic Mail, to the following:

Thomas O. Gorman
DORSEY & WHITNEY LLP
1801 K Street, N.W., Suite 750
Washington, DC 20006
gorman.tom@dorsey.com

*Counsel for BG Capital Defendants*

/s/ A. Brooke Murphy

Ex. B

**PeopleMap Report (Premier)**                                    **2/18/2015 4:49:09 PM**
**DAVID MORGAN**                                          **Client ID:LIBERTY SILVER 8188.001**

Possible People Information                                                    2
   Person Overview                                              2
   Addresses                                                    2
   Utility Records                                              2
   Phone Numbers                                                2
Possible Adverse Information                                                   2
   Risk Flags Analysis                                          2
Possible Business & Employment                                                 3
   Business Profile                                             3
Full-Text Documents                                                           3
   All Full-Text Documents                                      3
Possible Named Parties                                                        6
   People Associations                                          6
   Business Associations                                        6
No Documents Found                                                            6
   No Documents Were Found In These Sources                     6
Permissible Uses                                                              7
   Permissible Uses                                             7

## Possible People Information

### Person Overview

**DAVID MORGAN**

21307 BUCKEYE LAKE LN

COLBERT, WA 99005-9088 | SPOKANE County

**Phone Number(s):**

509-464-1643



### Addresses

| Address |
| --- |
| **21307 BUCKEYE LAKE LN, COLBERT, WA 99005-9088 | SPOKANE County** |

*Reported 01/01/2010 - 11/28/2012*

| | |
| --- | --- |
| By Utility 11/26/2012 - 11/28/2012 | Utility |
| By People Household 01/01/2010 - 09/30/2012 | People Household |
| By Phone Records 09/15/2012 - 09/15/2012 | Phone Records |

### Utility Records

| Type of Utility | Address | Connection Date | Confidence Score | View Full Text |
| --- | --- | --- | --- | --- |
| CABLE SERVICE | 21307 BUCKEYE LAKE LN COLBERT, WA 99005-9088 | 11/26/2012 | 100% | Full-Text |

### Phone Numbers

| Phone | Source | |
| --- | --- | --- |
| 509-464-1643 | Phone Records | Utility |

## Possible Adverse Information

### Risk Flags Analysis

#### List of Possible Risk Flags

| Risk Flags Name | Yes/No |
| --- | --- |
| Bankruptcy | No |
| Criminal Record | No |
| Arrest Record | No |
| OFAC Listing | No |

WestlawNext© © 2015 Thomson Reuters. No claim to original U.S. Government Works.                2

| | |
|---|---|
| Attorney Disciplinary Proceedings | No |
| Healthcare Sanction | No |
| NASD Sanction | No |
| SSN Recorded as Deceased | No |
| Age Younger than SSN Issue Date | No |
| SSN Format is Invalid | No |
| Multiple SSNs | No |
| SSN Matches Multiple Individuals | No |
| Telephone Number Inconsistent with Address | No |
| Address 1st Reported <90 Days | No |
| Prison Address on Record | No |
| Residential Address Used as a Business Address | Yes |
| P.O. Box Listed as Address | No |
| Associate or Relative with a Prison Address on Record | No |
| Associate or Relative With a Residential Address Used as a Business Address | Yes |
| Associate or Relative with P.O. Box Listed as Address | No |

### Risk Flag Details

| Residential Address Used as a Business Address | |
|---|---|
| **Address:**<br>21307 BUCKEYE LAKE LN, COLBERT, WA 99005-9088 \| SPOKANE County | **Source:**<br>BusinessPro |

| Associate or Relative With a Residential Address Used as a Business Address | | |
|---|---|---|
| **Relative:**<br>MS SUSAN M SCHWARTZ | | |

## Possible Business & Employment

**Business Profile**

| Business Name | Business Address | Confidence Score | View Full Text |
|---|---|---|---|
| STONE INVESTMENT GROUP | 21307 BUCKEYE LAKE LN COLBERT, WA 99005-9088 | 76% | Full-Text |

## Full-Text Documents

**All Full-Text Documents**

### Utility Records (1)

To Summary

**Utility Record**

**Source Information**

| | |
|---|---|
| Information Current Through: | 02/17/2015 |
| Database Last Updated: | 02/18/2015 |
| Update Frequency: | DAILY |
| Current Date: | 02/18/2015 |
| Source: | EQUIFAX |

**Individual Information**

| | |
|---|---|
| Name: | DAVID MORGAN |
| Service Type: | CABLE SERVICE |
| Connect Date: | 11/26/2012 |
| Reported Date: | 11/28/2012 |
| Work Phone: | 509-464-1643 |
| Contact Phone: | 509-464-1643 |

**Address Information**

| | |
|---|---|
| Service Address: | 21307 BUCKEYE LAKE LN<br>COLBERT, WA<br>99005-9088 |
| Billing Address: | 21307 BUCKEYE LAKE LN<br>COLBERT, WA<br>99005-9088 |

End of Document                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Experian Credit Header Real Time (1)**

To Summary

**CREDIT HEADER REAL TIME**

**Source Information**

| | |
|---|---|
| Current Date: | 02/18/2015 |
| Source: | Experian Credit Header |

**Individual Information**

**Best Address Information**

| | |
|---|---|
| Best Address: | |

**Other Address Information**

End of Document                                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Phone Records (1)**

To Summary

**Person Phone Record**

**Source Information**

| | |
|---|---|
| Information Current Through: | 05/31/2014 |
| Database Last Updated: | 06/30/2014 |
| Update Frequency: | MONTHLY |

**Address Information**

| | |
|---|---|
| Address: | 21307 BUCKEYE LAKE LN<br>COLBERT, WA<br>99005-9088 |

PeopleMap Report (Premier)                                      2/18/2015 4:49:09 PM
DAVID MORGAN                                             Client ID:LIBERTY SILVER 8188.001

| Current Date: | 02/18/2015 | County: | SPOKANE |
|---|---|---|---|
| **Phone Information** | | Address Type: | STREET OR RESIDENTIAL ADDRESS |
| Phone Number: | 509-464-1643 | Mail Deliverable: | YES |
| Phone Type: | LAND LINE | Address Validation Date: | 08/15/2014 |
| Record Type: | RESIDENTIAL | | |
| First Reported: | 03/26/2004 | | |
| Last Reported: | 08/15/2014 | | |
| Original Service Provider: | QWEST CORPORATION | | |
| Name: | DAVID S SCHWARTZ | | |
| Listed in Directory Assistance: | YES | | |
| Telephone Confidence Description: | DAILY VALIDATION | | |

End of Document                          © 2015 Thomson Reuters. No claim to original U.S. Government Works.

## Business Profile (1)

To Summary

### Business Profile Record

| Source Information | | Business Description: | |
|---|---|---|---|
| Information Current Through: | 01/22/2015 | Primary SIC Code: | 6799 INVESTORS, NEC |
| Database Last Updated: | 01/26/2015 | Primary NAICS Code: | 523910 MISCELLANEOUS INTERMEDIATION |
| Update Frequency: | MONTHLY | | |
| Current Date: | 02/18/2015 | | |

**Business Information**

| Business Name: | STONE INVESTMENT GROUP |
|---|---|
| Primary Address: | 21307 BUCKEYE LAKE LN COLBERT, WA 99005-9088 |
| County: | SPOKANE |
| Country: | USA |
| Business Phone: | 509-464-1651 |
| Web Address: | silver-investor.com |
| Year Established: | 2010 |

| Employees at Location (Year): | 1 |
|---|---|
| Sales from Location (Year): | $210,000 (2013) |

**Executive Information**

| Business Executive Contact: | DAVID MORGAN |
|---|---|
| Executive Contact's Title | EXECUTIVE DIRECTOR |

End of Document                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

## Possible Named Parties

**People Associations**

| D SCHWARTZ | SUSAN M SCHWARTZ |
|---|---|

**Business Associations**

| STONE INVESTMENT GROUP |
|---|

## No Documents Found

**No Documents Were Found In These Sources**

| Marriage Records | Divorce Records |
|---|---|
| Drivers Licenses | Conceal & Carry Weapons Permits |
| Hunting & Fishing Licenses | Voter Registrations |
| Political Donors | Death Records |
| New Movers Records | Historical People Records |
| Historical Address Records | People Find Records |
| People Canada Records | Email Address Records |
| Experian Credit Header Records | Real Property Tax Records |
| Real Property Transactions | Real Property Foreclosure Records |
| Vehicle Registrations | Watercraft Records |
| Aircraft Records | Unclaimed Assets |
| Criminal & Infraction Records | Arrest Records |
| OFAC | Healthcare Sanctions |
| Lawsuit Records | Liens & Judgments |
| Bankruptcy Records | Dockets |
| UCC Records | Professional Licenses |
| Healthcare Licenses | National Provider Identifier |

| Executive Profile | Executive Affiliations |
|---|---|
| Executive Bios | Work Affiliations |
| Corporate Records and Business Registrations | DMI |
| FEIN | Stock |
| BusFindUS | BusFindCanada |
| FBN/DBA | Worldbase |

## Permissible Uses

**Permissible Uses**
DPPA - For official use by a Court, Law Enforcement Agency or other Government agency.
GLB - To persons acting in a fiduciary or representative capacity on behalf of the consumer.
VOTERS - Use in connection with a non-commercial purpose.

Ex. C

Silver-Investor.com, home of The Morgan Report - Silver, Gold, Precious Metals Investm...    Page 1 of 2

Home Page | Member Login



SITE MENU »    SUBSCRIBE    CONSULTATION    SHOP    BLOG    ABOUT DAVID    CONTACT US

### About David Morgan and The Morgan Report

Media inquires and public appearance availability -- please contact us here.



A precious metals aficionado armed with degrees in finance and economics as well as engineering, he **created the Silver-Investor.com website and originated The Morgan Report**, a monthly that covers economic news, overall financial health of the global economy, currency problems, and the key reasons for investing in precious metals.

David considers himself a big-picture macroeconomist whose main job is education—educating people about honest money and the benefits of a sound financial system.

His ideas can be seen in the movie Four Horsemen, a Feature Documentary. Watch the full length video below.

 

Four Horsemen - Feature Documentary - Official Versi...



A dynamic, much-in-demand speaker all over the globe, David and his team are currently writing another book about silver and the current economy.

**As publisher of The Morgan Report, he has appeared on CNBC, Fox Business, and BNN in Canada. He has been interviewed by The Wall Street Journal, Futures Magazine, The Gold Report and numerous other publications.**

Additionally, he provides the public a tremendous amount of information by radio and at times writes in the public domain. You are encouraged to sign up for his free publication which starts you off with the Ten Rules of Silver Investing where he was published almost a decade ago after being recognized as one of the top authorities in the arena of Silver Investing.

**Be sure to follow us on Youtube, Twitter and Facebook.**

---

**Welcome**

**Much-Anticipated Report on the Mobile Mill Technology**

If you've invested in any sort of resource or mining stocks, you know it's been a rough couple of years. Prices of gold and silver bullion have fallen along with virtually all commodities. Exploration and mining companies have fared far worse.

But out of the rubble is rising a potentially explosive profit opportunity.

A new technology created by an innovative mining services business is about to be rolled out - and it could be a GAME CHANGER for small, under-capitalized miners. David Morgan, Editor of the renowned newsletter known as The Morgan Report, will soon reveal ALL THE DETAILS on this breakthrough… and show his subscribers how to cash in.

David wants YOU to get advanced notice about this stock before the masses do - along with other little-known investment opportunities.

But you need to subscribe today. Do not miss this opportunity when we reveal it. You can sign up here…
www.themorganreport.com/signup

| Top 5 Most Viewed Videos |
| --- |
| Basic Plus Trading Membership |
| Premium Membership |
| M3 Alliance |
| Follow The Morgan Report |
| Consultation with David Morgan |
| Reviews & Recommendations |

**You can also follow The Morgan Report by joining our free email updates. You'll receive free weekly updates from David Morgan, plus 3 special gifts.**

Join the Silver Investing mailing list. It's Free & Easy.

E-mail Address: _____

Name: _____ GO

\* You can unsubscribe at any time and your information kept private.
We do not sell, rent, loan or share your information with anyone else.

Click on images to watch David on Fox News & CNBC.

This website is devoted to everyone interested in Money, Metals, and Mining. You have come to the right website for the most comprehensive collection of information on the silver market.

First let me suggest you sign up for our **free newsletter** and receive the updates on conferences, video presentations, webinars, special offers, and tracking recent news and interviews. You will also receive information on companies we think have merit from time to time. All we ask is a first name and your email address, you can opt out at any time.

Take time to explore the **archives section** and get a foundational education on money, the economy, and metals.

Mr. Morgan's interest in silver led him to publish the "The Morgan Report", a research report that has grown in popularity and is today seen as one of the pre-eminent reports on how you can make money investing in the natural resource sector.

The report looks at the silver and gold markets each month and also explores the commodity markets, the general stock market and is devoted to help you make money by investing in this exciting sector. An overwhelming number of the companies outlined in his model portfolio are higher than the original recommendation.

Many of Mr. Morgan's early readers have gone on to start their own publications about silver.

© 2014 - The Morgan Report                                Privacy Policy & Disclaimer    Site Map

Ex. D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Todd Stanaford a/k/a Jerald Todd Stanaford, et al. | ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No.   13-cv-80923 |
| Robert Donald Bruce Genovese, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                David Morgan
            21307 Buckeye Lake Lane, Colbert, WA 99005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: William B. Federman c/o Target Services<br>1312 N. Monroe St.<br>Spokane, WA 99201 | Date and Time: September 8, 2015 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     08/25/2015

               *CLERK OF COURT*

                                         OR

_____         _____
     *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Todd
Stanaford and Philip Hobley (Plaintiffs) _____ , who issues or requests this subpoena, are:

A. Brooke Murphy, 10205 N. Pennsylvania Ave., Oklahoma City, OK, 73120, abm@federmanlaw.com, (405) 235-1560

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

SERVICE RETURNED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-80923

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   08/06/2015   _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

SERVICE RETURN ATTACHED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

Additional information regarding attempted service, etc.:

26

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SERVICE RETURN ATTACHED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

## EXHIBIT A

**Documents Requested**

1.     All documents in your possession, custody or control, including but not limited to both hard-copy documents and electronically-stored information, regarding information you developed or received about Robert Donald Bruce (a/k/a Bobby) Genovese ("Genovese"), Liberty Silver Corporation ("Liberty Silver"), BG Capital, or the Trinity Project, from February 10, 2010 through January 1, 2013.

2.     All articles or postings prepared or edited by you regarding Genovese, Liberty Silver, BG Capital, or the Trinity Project, from February 10, 2010 through January 1, 2013, including drafts of all such documents.

3.     All communications you had with Genovese and/or BG Capital's officers and/or employees from February 10, 2010 through January 1, 2013, including but not limited to letters, text messages, emails, and any attachments to same, relating to Liberty Silver, BG Capital, or the Trinity Project.

4.     All communications you had with Liberty Silver's officers and/or employees from February 10, 2010 through January 1, 2013, including but not limited to letters, text messages, emails, and any attachments to same.

5.     Any communication you had with a third-party (not a defendant) about Liberty Silver, its prospects, business model, stock or valuation between February 10, 2010 through January 1, 2013.

6.     Any agreements between you and Genovese and/or any of Genovese's entities (including, but not limited to, BG Capital) from February 10, 2010 through January 1, 2013.

SERVICE RETURN ATTACHED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

28

7.    Any agreements between you and Liberty Silver or any of its officers, directors, or employees from February 10, 2010 through January 1, 2013.

8.    Any communication you have had with FINRA, the Ontario Securities Commission, the Securities Exchange Commission ("SEC") or any regulatory authority concerning Liberty Silver or Genovese from February 10, 2010 through January 1, 2013.

9.    Documents sufficient to show your ownership position and trades in Liberty Silver stock from February 10, 2010 through January 1, 2013.

**Definitions**

Unless otherwise stated, the terms set forth below are defined as follows:

1.    "Communications" or "communication" refers to any transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, writings, documents, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, and/or agreements whether by computer, by telephone, by telecopier, by mail, by email, by text message, by memorandum, by facsimile, by personal delivery, by overnight delivery, by face-to-face or otherwise.

2.    "Documents" or "document" has the same meaning as "writings," which is defined in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and includes, without limitation, any electronically stored documents and electronic communications (such as e-mail) stored in computers or otherwise, whether or not ever printed or displayed. A copy or duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, and any preliminary version, draft or revision of the foregoing shall be considered a separate document within the meaning of this term.

SERVICE RETURN ATTACHED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

3.    "Electronically Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to the parties' ESI that contains or potentially contains information relating to facts at issue in this litigation.  ESI includes, but is not limited to, all electronically stored

4.    You" or "your" means the person or entity responding to this request.

**Instructions**

1.    In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your present or former officers, directors, members, partners, managers, investment advisors, employees, representatives, agents or attorneys, your subsidiaries, divisions, subdivisions, operating segments, reporting units, affiliates, predecessors, successors or joint ventures, and all other persons acting or purporting to act on your or their behalf.

2.    Documents are to be produced in full; redacted documents will not constitute compliance with this Subpoena.  If any requested document or thing cannot be produced in full, produce it to the extent possible and indicate which document, or portion of that document, is being withheld and the reason why that document is being withheld.

SERVICE RETURN ATTACHED

AUSTIN PROCESS, LLC
809 NUECES
AUSTIN, TX 78701

## AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: 13-CV-80923

Plaintiff:
**Todd Stanaford a/k/a Jerald Todd Stanaford**
vs.
Defendant:
**Robert Donald Bruce Genovese, et al.**

For:
Federman & Sherwood
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120

Received by Austin Process LLC on the 25th day of August, 2015 at 3:13 pm to be served on **David Morgan, 21307 Buckeye Lane, Colbert, WA 99005**.

I, Target Services, being duly sworn, depose and say that on the **27th day of August, 2015 at 10:21 am, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true and correct copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action With Exhibit A** with the date of service endorsed thereon by me, to: **David Morgan** at the address of: **21307 Buckeye Lane, Colbert, WA 99005**, as an authorized agent of Austin Process, LLC, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
On August 26, 2015 @ 8:41 am we spoke to the "Picture Perfect Cleaning" lady. Her van was parked in the drive. She stated that David wasn't home, but that he was usually there in the mid mornings

On August 27, 2015 Douglas Davis #1421 (our server) returned to the address. David Morgan denied his identity and we had verified with a picture that it was him. Doug drop-served him and returned to his vehicle. David Morgan then came out to the vehicle and held up a passport picture of himself with a different name. Doug stated yes, you are David and that's the same picture that is on the internet website.
Doug did not see the name on the passport, it was a heated moment and he was trying to leave the premises as David was yelling.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 31st day of August, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC

**Target Services,**
DOUGLAS W. DAVIS
**Austin Process LLC**
**809 Nueces**
**Austin, TX 78701**
**(512) 480-8071**

Our Job Serial Number: MST-2015004180
Ref: Todd Stanaford

ROZANNE H. LITTLE
NOTARY
PUBLIC
11-09-15
STATE OF WASHINGTON

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4t